Donald A. Ecklund
Kevin Cooper
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Movant Evans Associates I, LLC*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160

*Counsel for Lead Plaintiff Movant Evans Associates I, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS MILLER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EAGLE PHARMACEUTICALS, INC., SCOTT TARRIFF, and BRIAN CAHILL, <br><br> Defendants. | Case No. 2:23-cv-23011-JKS-MAH <br><br> **EVANS ASSOCIATES I, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant Evans Associates I, LLC ("Evans Associates") respectfully submits this memorandum of law in opposition to the competing motion for appointment as lead plaintiff and approval of counsel filed by Stephen Marshall ("Marshall") (Dkt. No. 7).

## I.    INTRODUCTION

Evans Associates and Marshall filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 7, 8. However, on February 20, 2024, Marshall filed a notice informing the Court that he does not oppose Evans Associates' motion. *See* Dkt. No. 10. As such, only Evans Associates is still seeking appointment as lead plaintiff and Evans Associates' motion is unopposed.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a presumption that the most adequate plaintiff is the movant who, *inter alia*, has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

Here, Evans Associates has the largest financial interest in the relief sought by the class. Evans Associates has a last in, first out ("LIFO") loss of $99,842.70 on shares it purchased during the class period, whereas Marshall has a LIFO loss of $19,734.30. Accordingly, Evans Associates is the presumptively most adequate plaintiff.  Evans Associates should, therefore, be appointed as lead plaintiff and its selection of counsel should be approved.

## II.    EVANS ASSOCIATES SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.    Evans Associates Is the Presumptively Most Adequate Plaintiff

Evans Associates satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Evans Associates "made a motion in response to a [PSLRA] notice." *See* Dkt. No. 8. Second, Evans Associates satisfies the requirements of Rule 23, as demonstrated in its memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 8 at 7-8. Finally, as explained *infra*, Evans Associates has the largest financial interest in the relief sought by the putative class.

Although the PSLRA does not mandate a particular method for determining which movant has the largest financial interest, "[t]he Third Circuit has concluded that 'largest financial interest' means the largest loss." *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 223 (3d Cir. 2001)); *Montesano v. Eros Int'l PLC*, No. 19-cv-14125, 2020 WL 1873015, at *3 (D.N.J. Apr. 14, 2020) (same). While "the Third Circuit recommends that, in cases that do not present a clear choice as to the largest financial interest, courts should also consider, *inter alia*, (1) the number of shares that the movant[s] purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs," *Roby*, 2015 WL 1334320, at *5 (citing *Cendant*, 264 F.3d at 262), "courts in this circuit have accorded the third element, the largest financial loss, the greatest weight." *Id.* at *5 (collecting cases).

Here, Evans Associates has a larger financial interest than Marshall according to every measure:[1]

---

[1] These values are derived from the movants' purchase and sale information submitted with their lead plaintiff motions.

| Movant | Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|
| Evans Associates | 21,721 | $226,525.72 | $99,842.70 |
| Marshall | 6,000 | $51,051.24 | $19,734.30 |

As such, Evans Associates has the largest financial interest in the relief sought by the putative class and is therefore the presumptively most adequate plaintiff.

### B. No Movant Has Rebutted the Presumption that Evans Associates Is the Most Adequate Plaintiff

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Marshall cannot present proof that Evans Associates would be inadequate or subject to unique defenses. As such, Evans Associates should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff.").

### III. EVANS ASSOCIATES'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Evans Associates has selected Glancy Prongay & Murray LLP ("GPM") as lead counsel and Carella, Byrne, Cecchi, Brody & Agnello, P.C. ("Carella Byrne") as liaison counsel. The firms have the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. Nos. 8-7, 8-8 (firm resumes); *see also Sun v. Han*, No. 15-cv-703, 2015 WL 2364937, at *5 (D.N.J. May 14, 2015) (GPM and Carella Byrne have "extensive experience and substantial expertise in securities litigation"); *Montesano v. Eros Int'l PLC*, No. 19-cv-14125, 2020 WL

1873015, at *12 (D.N.J. Apr. 14, 2020) ("[B]oth firms have substantial experience litigating securities fraud class actions."); *Stires v. Eco Sci. Sols., Inc.*, No. 17-cv-3707, 2018 WL 5817256, at *2 (D.N.J. Nov. 7, 2018) (finding that GPM and Carella Byrne have "considerable experience and expertise in securities litigation"). It is respectfully submitted that Evans Associates' selection of counsel will provide the putative class with the highest caliber of legal representation. Accordingly, Evans Associates' selection of lead and liaison counsel for the putative class should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Evans Associates respectfully requests that the Court grant its Motion and enter an Order: (1) appointing Evans Associates as lead plaintiff; (2) approving Evans Associates' selection of GPM as lead counsel and Carella Byrne as liaison counsel for the putative class; and (3) denying the competing motion.

DATED: February 20, 2024             Respectfully submitted,

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By:   *s/ Donald A. Ecklund*
Donald A. Ecklund
Kevin Cooper
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email:  decklund@carellabyrne.com
        kcooper@carellabyrne.com

*Proposed Liaison Counsel for Lead Plaintiff
Movant Evans Associates I, LLC*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh

4

1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: clinehan@glancylaw.com

*Proposed Lead Counsel for Lead Plaintiff Movant*
*Evans Associates I, LLC*

Jack I. Zwick
225 Broadway, Suite 1440
New York, New York 10007
Telephone: (212) 385-1900
Email: jack@zwickfirm.com

*Additional Counsel*

5

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 20, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of New Jersey, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 20, 2024, at Roseland, New Jersey.

*/s/ Donald A. Ecklund*
Donald A. Ecklund

6