**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS MILLER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EAGLE PHARMACEUTICALS, INC., SCOTT TARRIFF, and BRIAN CAHILL, <br><br> Defendants. | Case No. 2:23-CV-23011-JKS-MAH <br><br> Hon. Michael A. Hammer |

**STIPULATION AND ▮▮▮▮▮▮▮▮ PROTECTIVE ORDER GOVERNING THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION FOR PURPOSES OF SETTLEMENT**

WHEREAS, the Parties[1] to the above-captioned action (the "Action") have reached an agreement in principle to settle the Action, on the terms set forth in a Confidential Settlement Term Sheet dated November 5, 2025 ("Term Sheet");

WHEREAS, the Parties are conducting certain informal discovery to allow Plaintiffs to further evaluate the fairness, reasonableness, and adequacy of the Parties' agreement in principle;

---

[1] The "Parties" are court-appointed lead plaintiff Evans Associates I, LLC and additional named plaintiffs Nicholas Miller, Liyu Wang, and Joanna Pluta (collectively, "Plaintiffs") and defendants Eagle Pharmaceuticals, Inc., Scott Tarriff, and Brian Cahill (collectively, "Defendants").

1

WHEREAS, the Parties intend to draft and negotiate a detailed stipulation and agreement of settlement and related documents to serve as the final agreement between the Parties, subject to, among other terms, Plaintiffs' evaluation of the informal discovery produced, and the Court granting final approval to the proposed settlement;

WHEREAS, the Parties' settlement related discovery will involve Defendants' production of documents to Plaintiffs which may address sensitive commercial, financial, personal or business information,

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their undersigned counsel, subject to the approval of the Court, that this Protective Order shall be entered as an order of this Court and shall govern the handling of all Discovery Material (defined below) produced or otherwise furnished by any Party to the Action (the "Producing Party") in connection with the Parties' agreement to settle this Action:

1.      This Protective Order shall take effect immediately upon the Parties' joint execution of this Protective Order.  Should the Court decline to enter this Protective Order or an order of the same or similar effect, the Parties nonetheless agree to comply with the terms of this Protective Order as to any and all Protected Material disclosed or shared pursuant thereto, starting as of the date of its joint execution.

2.    This Protective Order is binding upon all Parties to this Action, including their respective attorneys, principals, agents, experts, consultants and representatives, as set forth in this Protective Order.

3.    As used in this Protective Order, the term "Discovery Material" encompasses, but is not limited to, all documents and communications produced by any Producing Party in connection with the discovery that will be undertaken for purposes of the settlement of the Action.

4.    As used in this Protective Order,

(a)    The term "Confidential" shall mean Discovery Material that the Producing Party in good faith reasonably believes constitutes or contains non-public, proprietary, or commercially sensitive information subject to protection under the provisions of Federal Rule of Civil Procedure 26(c).   Any Producing Party may designate particular Discovery Material as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material constitutes material that is "Confidential"; and

(b)    "Highly Confidential Attorney's Eyes Only" means Discovery Material that the Producing Party in good faith reasonably believes constitutes or contains:    (i) trade secrets or other

3

Confidential Information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or their personnel, clients, or customers; and (ii) material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential".

(c)    Together, these two categories are referred to herein as "Protected Material".

5.    The designation of Protected Material for purposes of this Protective Order shall be made in the following manner:

(a)    In the case of documents, by stamping or labeling "Confidential" or "Highly Confidential Attorney's Eyes Only" on each page of a document containing Protected Material; provided that the failure to designate a document as Protected Material does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order from the time it is designated Protected Material.

4

(b)  In the case of Electronically Stored Information produced in native format, by including "Confidential" or "Highly Confidential Attorney's Eyes Only" in the file or directory name or by affixing the legend "Confidential" or "Highly Confidential Attorney's Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-Rom, DVD, USB drive).

6.  Discovery Material, or information derived therefrom, shall be used solely for the limited purpose specified in the Parties' Term Sheet and herein— namely, to enable Plaintiffs to further evaluate the fairness, reasonableness, and adequacy of the settlement of this Action—and shall not be used for any other purpose, including, but not limited to, for any other purpose in this Action or in any other proceeding, or for any other business, commercial or personal purpose, or for dissemination to the media or public, except as expressly authorized in writing in advance by the Producing Party. All Discovery Material is produced pursuant to Federal Rule of Evidence 408. All Discovery Material shall be kept strictly confidential, and may not be disclosed, disseminated, discussed, or otherwise published in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity, including any media organization, nor can any Discovery Material be used in connection with any

purchase or sale of, or any other investment decision relating to, Eagle Pharmaceuticals, Inc.

7.     Material designated "Confidential" may only be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, and copies may only be provided to the following persons:

(a)     Plaintiffs' Counsel, Defendants' Counsel, and their respective staff, for use in accordance with this Protective Order;[2]

(b)     Any currently named Party in this Action (as long as those Parties first execute a Declaration and Acknowledgment, in the form attached hereto as Exhibit A, to be provided to Defendants' Counsel upon request);

(c)     Retained consulting and/or testifying experts, only to the extent necessary for such persons to assist counsel in evaluating the fairness, reasonableness, and adequacy of the settlement of this Action; provided that such person is using said Discovery Material solely in connection with the limited purpose specified

---

[2] "Plaintiffs' Counsel" means Lead Counsel Glancy Prongay & Murray LLP, and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including Liaison Counsel Carella, Byrne, Cecchi, Brody & Agnello, P.C., Jack I. Zwick, Esq., and the Law Offices of Frank R. Cruz. "Defendants' Counsel" means, collectively, Cooley LLP, Saul Ewing LLP, and Ropes & Gray LLP.

6

in the Parties' Term Sheet and herein—namely, to enable Plaintiffs to further evaluate the fairness, reasonableness, and adequacy of the settlement of this Action; and further provided that the person to whom disclosure is to be made: (i) has been shown a copy of this Protective Order; (ii) has been advised that the Discovery Material is Protected Material; and (iii) has executed a Declaration and Acknowledgment, in the form attached hereto as Exhibit A. Such executed Acknowledgements shall be retained by the obtaining counsel and provided to Defendants' Counsel upon request;

(d)   The Court, Court personnel, and court reporters employed in connection with the Action;

(e)   The mediator and her staff for an alternative dispute resolution proceeding as contemplated by the Term Sheet, in the event that Plaintiffs reasonably believe that new information provided in discovery makes it probable that the settlement of this Action would not be approved by the Court as fair, reasonable, and adequate; and

(f)   Any other person on such terms and conditions as the Parties and any relevant Producing Party may mutually agree, in writing, or

7

as this Court may hereafter direct by further order, upon notice to the Parties.

8. Notwithstanding the foregoing paragraph, material designated "Highly Confidential Attorney's Eyes Only" shall not be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the persons listed above in paragraph 7(b).

9. In the event of disclosure of any Protected Material to any person not authorized for access to such Discovery Material under the terms of this Protective Order, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform counsel for the Producing Party of all information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable measures to ensure the return of all inadvertently disclosed Discovery Material, and any copies, notes or other work product reflecting the contents thereof, and to ensure that no further or greater unauthorized disclosure of such Discovery Material is made by anyone.

10. Nothing in this Protective Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or similar legal protection.

11. The production of privileged or work-product protected Discovery Material, whether inadvertent or otherwise, is not a waiver of privilege or protection

8

from discovery in this case or in any other federal or state proceeding. This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Rule 502(d). If a Producing Party learns that material over which it claims privilege or protection has been produced, it must notify any Party that has received the material (a "Receiving Party"). Upon notification from any Producing Party that has produced material that it believes is privileged and/or protected, such Receiving Party shall: (i) promptly destroy or return all such material, and all copies or reproductions thereof; (ii) destroy all notes or other work product reflecting the contents of such material; and (iii) delete such material from any litigation-support or other database. The Receiving Party must then certify its compliance with these obligations to the Producing Party. Any Receiving Party shall not use such material, or information obtained therefrom, for any purpose. If Plaintiffs reasonably disagree with the Producing Party's subsequent claim of privilege or protection for Discovery Material that has been produced, and if Plaintiffs determine that such Discovery Material significantly affects Plaintiffs' evaluation of the fairness, reasonableness, and adequacy of the settlement, then Plaintiffs may confidentially challenge the disputed designation before the mediator, whose confidential determination regarding such privilege or protection will be treated as final and binding by the Parties solely for purposes of the Parties' settlement related discovery.

12. All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court, in accordance with Civil Local Rule 5.3(c).

13. Discovery Material designated as Protected Material shall continue to be treated as Protected Material pursuant to the terms of this Protective Order unless or until the Producing Party determines to remove such designation and authorizes such declassification in writing, or is ordered by the Court to remove such designation pursuant to an application.

14. Production of any Protected Material without a designation of "Confidential" or "Highly Confidential Attorney's Eyes Only" shall not be deemed a waiver or impairment of any Producing Party's claim of confidentiality as to such matter.

15. Entering into, agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order shall not:

    (a) Operate as or constitute a waiver of any attorney-client, work product or other privilege;

    (b) In the event that the settlement of this Action does not proceed, prejudice in any way the rights of any Party or Producing Party to object to the production of documents they consider not

10

subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Producing Party to be Protected Material; or

(c) In the event that the settlement of this Action does not proceed, prejudice in any way the rights of any Party or Producing Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

16. The Parties may request that attendance at those portions of any hearing or access to the transcripts of any hearings in which Protected Material is disclosed be restricted to court personnel and persons authorized to receive disclosure of such Discovery Material by this Protective Order.

17. Nothing in this Protective Order shall prevent a Producing Party from any use or disclosure of its own Protected Material for any purpose whatsoever.

18. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation, any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree regarding the preliminary approval or non-approval of the

11

settlement of this Action, all Discovery Material recipients shall (at their option) either return such Discovery Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such Discovery Material and, in either case shall certify that fact to counsel for the Producing Party. Counsel for the Parties shall be entitled to retain court filings and their own attorney work product, provided that such counsel shall not disclose Protected Material to any person except pursuant to an order of the Court or written agreement with the Producing Party. All Discovery Material returned to the Parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

19.    Production of Protected Material will be made in express reliance upon the terms of this Protective Order.

20.    No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties or their counsel.

21.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Protective Order.

12

Dated: December 2, 2025

By: */s/ James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com
Email: decklund@carellabyrne.com
Email: kcooper@carellabyrne.com

*Liaison Counsel for Plaintiffs*

Robert V. Prongay (*pro hac vice*)
Joseph D. Cohen (*pro hac vice*
   forthcoming)
Garth Spencer (*pro hac vice*)
**GLANCY PRONGAY & MURRAY**
**LLP**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: jcohen@glancylaw.com
Email: gspencer@glancylaw.com

*Lead Counsel for Plaintiffs*

Jack I. Zwick (*pro hac vice* forthcoming)
225 Broadway, Suite 1440
New York, New York 10007
Telephone: (212) 385-1900
Email: jack@zwickfirm.com

*Additional Counsel for Plaintiffs*

By: */s/ Sarah A. Sullivan*
Sarah A. Sullivan
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 01702-5426
Telephone: (973) 286-6700
Email: sarah.sullivan@saul.com
Email: alexander.callo@saul.com
Koji F. Fukumura (*pro hac vice*)
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550-6000
Email: kfukumura@cooley.com

Tijana Brien (*pro hac vice* forthcoming)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Email: tbrien@cooley.com

Brian M. French (*pro hac vice*)
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Email: bfrench@cooley.com

*Attorneys for Defendants Eagle*
*Pharmaceuticals, Inc. and Brian Cahill*

13

By: /s/ Matt Corriel
Matt Corriel
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Email: Matt.corriel@ropesgray.com

Jeremiah L. Williams (*pro hac vice*
  forthcoming)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue
NW Washington, DC 20006
Telephone: (202) 508-4600
Jeremiah.williams@ropesgray.com

*Attorneys for Defendant Scott
Tarriff*

## SO ORDERED

IT IS SO ORDERED this _____ day of _____ s/Michael A. Hammer 2025

**Michael A. Hammer, U.S.M.J.**

Date: 12/3/25

U.S. Magistrate Judge Michael A. Hammer

14

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS MILLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE PHARMACEUTICALS, INC., SCOTT TARRIFF, and BRIAN CAHILL,<br><br>Defendants. | Case No. 2:23-CV-23011-JKS-MAH<br><br>**DECLARATION AND ACKNOWLEDGEMENT** |

I hereby solemnly swear that:

1.       I have been given a copy of the Stipulation And [Proposed] Protective Order Regarding the Production and Use of Confidential Information For Purposes of Settlement in the above-captioned Action (the "Protective Order")[3] and have read and do fully understand the Protective Order.

2.       I agree to comply with and to be bound by the terms of the Protective Order.

3.       I submit to the jurisdiction of this Court for enforcement of the Protective Order.

---

[3] Unless otherwise defined herein, capitalized terms have the meanings assigned to them in the Protective Order.

1

## EXHIBIT A

4.      I agree not to use any Discovery Material disclosed to me pursuant to the Protective Order except in connection with the limited purpose specified in the Parties' Term Sheet and Protective Order—namely, to enable Plaintiffs to further evaluate the fairness, reasonableness, and adequacy of the settlement of this Action and not to disclose any Protected Material to persons other than those specifically authorized by the Protective Order, without the express written consent of the Producing Party or by Court order.

5.      I understand that I am to retain all Protected Material in a secure manner and that all such Protected Material is to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such Protected Material, including all copies thereof, and any writings prepared by me containing any Protected Material are to be returned to counsel who provided me with such Protected Material or destroyed.

Dated: _____      By: _____

Name: _____

Company: _____

2